UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 10-80149-CR-MARRA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

JOSEPH CASTRONUOVO, M.D.,

    Defendant.

_____/



FILED by ____ D.C.

JUN 1 2 2014

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## REPORT AND RECOMMENDATION AS TO APPROPRIATE BOND PENDING APPEAL FOR DEFENDANT CASTRONUOVO

THIS CAUSE comes before the Court upon an Order Granting Motion for Supersedeas Bond issued by United States District Judge Kenneth A. Marra [DE 1365]. Judge Marra has referred the matter to the undersigned for a report and recommendation on an appropriate bond pending appeal. The parties appeared before the undersigned on Tuesday, June 10th, 2014 for a hearing, and this matter is now ripe for review.

### Background

Defendant, a physician, was charged by way of a Second Superseding Indictment with five counts stemming from his alleged involvement in an illegal "pill mill" in Boca Raton, Florida. [DE 870]. Defendant was released on a $250,000 personal surety bond on August 24, 2011. [DE 182]. Defendant was ultimately convicted of one count of conspiracy to commit money laundering, acquitted on the remaining counts, and sentenced to eighteen months in federal prison. [DEs 1337, 1353]. Defendant is appealing his judgment. [DEs 1348, 1353].

During the June 10th, 2014 hearing, the Government argued that, due to Defendant's lack of financial assets and negative cash flow, the Court should place Defendant on home

confinement with electronic monitoring. The Government reasoned that, due to Defendant's lack of financial ties, more is required to assure that Defendant does not flee than the bond conditions originally imposed at the outset of the case. Additionally, the Government asked that the Court impose an employment restriction on Defendant to prohibit him from practicing medicine.

In opposition, defense counsel pointed out that Defendant consistently complied with all of his bond conditions during the pendency of this case and that home confinement is not justified in light of his excellent track record and would instead be punitive. Defense counsel asked that the Court impose the same conditions of bond on appeal as he is currently subject to with the caveat that the Court no longer prohibit Defendant from prescribing controlled substances. Although Defendant is currently unemployed, he apparently still wishes to obtain employment if a suitable position becomes available.

The Court notes that Defendant is seventy-five years old, an Army veteran, and has never been arrested prior to his involvement in this case. Defendant resides with his wife in Key Largo, Florida, and he has never violated any conditions of release in this case. The undersigned believes that home confinement with an ankle monitor, as recommended by the Government, is unnecessary and excessive. However, the undersigned does believe that more stringent bond conditions should be imposed now that Defendant has been convicted and sentenced to prison.

At the June 10th, 2014 hearing, Defendant's wife, Eleanor Castronuovo, testified under oath that she would co-sign a personal surety bond for her husband. Defense counsel also stated that Defendant's daughter, Kim Springstead, who owns a residence with her husband, may possibly be willing to co-sign a personal surety bond.

After considering the argument of counsel, the parties' pleadings, the Defendant's PSI, and the record in this case, the undersigned recommends that the following conditions of bond be imposed upon Defendant pending his appeal:

A. A $250,000 personal surety bond signed by Defendant and co-signed by Defendant's wife, Eleanor Castronuovo;

B. Defendant's travel be restricted to the Southern District of Florida. If Defendant wishes to leave the Southern District of Florida, he must first obtain approval from the Court;

C. Defendant shall report to Pretrial Services as directed by his Pretrial Services Officer;

D. Defendant is precluded from prescribing any controlled substance;

E. Defendant is permitted to work in any lawful occupation so long as Defendant is not prescribing or dispensing controlled substances; and

F. All standard conditions of bond shall remain in effect;

The undersigned suggests that the above conditions of bond are sufficient to ensure Defendant's appearance and protect the community while Defendant remains at liberty pending appeal. If an additional co-signor to the personal surety bond is deemed necessary, Defendant's daughter, Kim Springstead, who lives out-of-state, may be willing to act as an additional co-signor.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable United States District Judge Kenneth A. Marra, within fourteen (14) days after being served with a copy. *See* 28 U.S.C. § 636(b)(1).

DONE AND SUBMITTED in Chambers this 12th day of June, 2014, at West Palm Beach, Palm Beach County in the Southern District of Florida.

*[signature]*
WILLIAM MATTHEWMAN
United States Magistrate Judge